UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **VALARI LEE SAULSBERRY,** | ) | **CASE NO.1:05CV1724** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **DEPARTMENT OF HOMELAND SECURITY, ET AL.,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

### CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Defendants' Department of Homeland Security and the Transportation Security Administration's unopposed Motion for Summary Judgment and Motion to Dismiss (ECF Dkt# 25). For the following reasons, the Court grants Defendants Motion.

### FACTS

Plaintiff's Complaint alleges on December 31, 2002, while working as an airport screener for the Transportation Security Administration ("TSA"), she was placed on administrative leave and eventually terminated for wearing braids in her hair. She alleges discrimination based on her race, contending that a white woman whose hair length violated the dress code was not similarly

1

disciplined.  Furthermore, she alleges discrimination based on her sex because she was required to work more gates than her male counterparts and a black male was permitted to wear braids without experiencing the same disciplinary action.

On June 16, 2006, Defendants filed their summary judgment, contending Plaintiff's termination was for legitimate, non-discriminatory reasons.  On July 6, 2006 Plaintiff filed a motion for extension of time to file a response.  Plaintiff was given until November 17, 2006, to file a brief in opposition to Defendants' Motion.  Plaintiff failed to file in the time permitted and has failed to file to this date.

Defendants contend that on August 8, 2002 Plaintiff was hired as a probationary employee by TSA as an airport screener at Cleveland Hopkins Airport.  On December 31, 2002, Screener Manager Ronald Reed observed Plaintiff using improper screening techniques.  Specifically, Plaintiff was turning her back on the gate checkpoint.  After informing Plaintiff of her use of improper technique, Mr. Reed again observed Plaintiff again turn her back to the gate checkpoint shortly thereafter.  Mr. Reed asked Supervisor Connie Sisco to inform Plaintiff of her improper technique again and to inform her hair was not in compliance with TSA's grooming policy.  Defendants contend Plaintiff then became very loud and disruptive.  When Mr. Reed sought to intervene, Plaintiff became "more boisterous," causing a scene in front of passengers and employees.  When Mr. Reed asked her to lower her voice, Plaintiff refused.  Mr. Reed then told Plaintiff to vacate the premises.  Defendants have provided the affidavit of Connie Sisco, attesting to the facts as alleged by Defendants, a Memo from Mr. Reed describing the events as alleged by Defendants in their Summary Judgment Motion and additional affidavits and memos, all in support of the facts as alleged in their Motion for Summary Judgment.

On April 10, 2003, TSA terminated Plaintiffs employment based on her unprofessional conduct, failure to follow proper procedures and her noncompliance with the TSA's grooming policy. Plaintiff has filed with the Equal Employment Opportunity Commission a claim for sex and race discrimination. On November 1, 2004, the EEOC determined Plaintiff's termination was not due to racial or sex discrimination. On July 5, 2005, Plaintiff filed her Complaint in United States District Court, Northern District of Ohio.

## STANDARD OF REVIEW

A summary judgment should be granted only if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See, Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *See, Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to come forward with evidence showing there is a genuine issue for trial. *See, Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 256 (1986). "The the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

Local Rule 7.1(g) authorizes this Court to "rule on unopposed motions without hearing at any time after the time for filing an opposition has expired." The district court's power to grant dispositive motions because they are unopposed is firmly settled. *Demsey v. R.J. Reynolds Tobacco Co.*, 2005 WL 1917934, *2 (N.D. Ohio 2005); *Peacock v. Bayview Loan Serv*., 2005 U.S. Dist. LEXIS 10276, *9-10 (N.D. Ohio 2005) (both citing to *Cacevic v.*

*City of Hazel Park*, 226 F. 3d 483, 492 (6th Cir. 2000)). A party's continuing "failure to respond" may be deemed a "confession" to the motion's merit. *Cacevic, Id.*

## TITLE VII RACE AND SEX DISCRIMINATION

Title VII of the United State Code makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color religion, sex, or national origin." 42 U.S.C. 2000e-2(a)(1)(1994).  A plaintiff may establish a prima facie case of discrimination either by presenting direct evidence of intentional discrimination by the defendant, or by providing circumstantial evidence which creates an inference of discrimination." *DiCarlo v. Potter,* 358 F.3d 408, 414 (6th Cir. 2004).  "Mere personal belief, conjecture and speculation are insufficient to support an inference of...discrimination."  *Woythal v. Tex-Tenn Corp.,* 112 F.3d 243, 247 (6th Cir. 1997).

### Direct Evidence of Discrimination

In *Talley v. Bravo Pitino Rest.,* 61 F.3d 1241, 1248-49, (6th Cir. 1995), the Sixth Circuit provided examples of direct evidence of racial animus.  These included racial slurs by a manager, a principal stating a "white presence" needed to be maintained, and employee testimony that managers made derogatory racial remarks about blacks.  Discriminatory remarks by a manager may be evidence of discrimination even if the manager was not the ultimate decision maker.  *Ercegovich v. Goodyear Tire and Rubber Co.,* 154 F.3d 344, 354-55 (6th Cir. 1998).  However, in *LaPointe v. United Autoworkers Local 600,* 8 F.3d 376, 380 (6th Cir. 1993), the Sixth Circuit stated "[c]ase precedent clearly reflects that isolated and ambiguous statements ⋯ are too abstract, in addition to being irrelevant and prejudicial" to support a discrimination

claim.

Plaintiff has offered no evidence of discrimination, direct or indirect, and has not opposed Defendant's Motion for Summary Judgment. The Court finds Plaintiff cannot establish direct evidence of discrimination.

### McDonnell/Burdine

In the absence of direct evidence of discrimination, the Court will apply the *McDonnell Douglas/Burdine* burden shifting analysis. It is plaintiff's burden to prove a prima facie case of discrimination by his or her employer. *McDonnell Douglas Corporation v. Green,* 411 U.S. 792, 802, (1973). *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252-53, (1981). Upon plaintiff making a prima facie showing of discrimination, the burden "shifts to the defendant 'to articulate some legitimate, nondiscriminatory reason for the employee's rejection.' " *Id.* at 253, (quoting *McDonnell,* 411 U.S. at 802). "[S]hould the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Id.* "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Id.*
"To establish a prima facie case of discrimination based upon circumstantial evidence, Plaintiff must show that he (1) "is a member of a protected group," (2) "was subject to an adverse employment decision," (3) "was qualified for the position, and (4) "was replaced by a person outside of the protected class." *Kline v. Tennessee Valley Auth.,* 128 F.3d 337, 349 (6th Cir.1997).  In addition, under section (4) Plaintiff may meet her burden by showing she was treated differently than similarly situated non-protected employees.  See *Wade v. Knoxville Utils.*

5

*Bd.,* 259 F.3d 452, 461 (6th Cir. 2001). In disparate treatment claims, Plaintiff must "produce evidence which at a minimum establishes (1) that he was a member of a protected class and (2) that for the same or similar conduct he was treated differently than similarly-situated non-minority employees." *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 583 (6th Cir.1992). It is Plaintiff's burden to "prove that all of the relevant aspects of his employment situation were 'nearly identical' to those of [the non-minority's] employment situation." *Pierce v. Commonwealth Life Ins. Co.,* 40 F.3d 796, 802 (6th Cir.1994). The analysis is identical in claims of sex discrimination. See *Peltier v. United States,* 388 F.3d 984, 987 (6th Cir. 2004). The burden of establishing a prima facie case under *McDonnell Douglas* is not onerous. *Burdine,* at 251.

Again, the Court notes Plaintiff has failed to produce any evidence, direct or circumstantial, establishing a prima facie case of race or sex discrimination. Plaintiff may not rest on her bare allegations but must offer evidence that there is a genuine issue of material fact. Plaintiff has offered nothing to establish a prima facie case, even under the non-onerous standard of *Burdine*. Plaintiff has offered no evidence she was replaced by a non-protected class employee, nor has she produced a scintilla of evidence of disparate treatment.

If Plaintiff had met her burden of demonstrating a prima facie case of race and gender discrimination, the burden then shifts to Defendants "to articulate a legitimate, non-discriminatory reason for the employee's rejection." *Burdine*, at 253. To meet their burden, Defendants, " need only produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision has not been motivated by discriminatory animus." *Id.* at 257. As the Supreme Court went on to say in *Burdine*:

> The burden that shifts to the defendant, therefore, is to rebut the presumption of discrimination by producing evidence that the plaintiff was rejected, or someone else was

> preferred, for a legitimate, nondiscriminatory reason. The defendant need not persuade the court that it was actually motivated by the proffered reason.(citation omitted) It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff. To accomplish this, the defendant must clearly set forth, through the introduction of admissible evidence, the reasons for the plaintiff's rejection. The explanation provided must be legally sufficient to justify a judgment for the defendant. If the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted, and the factual inquiry proceeds to a new level of specificity. Placing this burden of production on the defendant thus serves simultaneously to meet the plaintiff's prima facie case by presenting a legitimate reason for the action and to frame the factual issue with sufficient clarity so that the plaintiff will have a full and fair opportunity to demonstrate pretext.

Defendants have met their burden by submitting affidavits of employees supporting the legitimate non-discriminatory reasons for Plaintiffs termination, i.e. her insubordination and failure to comply with TSA's grooming policy.

The burden now shifts back to Plaintiff to demonstrate, by a preponderance of the evidence, that Defendants' proffered reasons for the adverse employment action were pretextual. "A plaintiff can demonstrate pretext by showing that the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct." *Dews v. A.B. Dick Co.,* 231 F.3d 1016, 1021 (6th Cir. 2000). "Under the first and third methods of showing pretext, the fact finder may infer discrimination from the circumstances." *Cicero v. Borg-Warner Automotive, Inc.,* 280 F.3d 579, 589 (6th Cir. 2002). "Under the second method, [the plaintiff] may not rely exclusively on his prima facie evidence, but must introduce some further evidence of discrimination." *Id.*

When a Court considers whether a defendants non-discriminatory reason for the adverse employment action is mere pretext, "it is important to note that an employer may make employment decisions for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all as long as its action is not for a discriminatory reason." *Mischer v. Erie*

7

*Metropolitan Housing Authority,* 345 F.Supp.2d 827, 830 (N.D. Ohio 2004), citing *Beaty v. A & P,* No. 02-73045, 2003 U.S. Dist. LEXIS 15076, *11 (E.D. Mich. June 23, 2003) (quoting *Nix. v. WLCY Radio,* 738 F.2d 1181, 1187 (11th Cir.1984)).

Plaintiff has offered no evidence that Defendants' proffered legitimate, non-discriminatory reason for terminating Plaintiff's employment was pretextual. Pursuant to *Cacevic*, Plaintiff's failure to respond or offer any evidence contra to Defendants' Motion and evidence is deemed a confession to the merits of Defendants' Motion. Furthermore, Plaintiff has failed to establish a prima facie case of race and sex discrimination and has failed to offer any evidence of pretext. Therefore, the Court grants Defendants' Motion for Summary Judgment in its entirety.

IT IS SO ORDERED.

December 15, 2006  s/Christopher A. Boyko
Date  CHRISTOPHER A. BOYKO
United States District Judge